15-3573-cv
Ferrari v. U.S. Equities Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand sixteen.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
REENA RAGGI,
    *Circuit Judges*.
-----------------------------------------------------------------------
LIZ FERRARI,
    *Plaintiff-Appellant*,

v.    No. 15-3573-cv

U.S. EQUITIES CORPORATION, LINDA STRUMPF,
OLGA MOISES,
    *Defendants-Appellees*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    ANTHONY J. MAJESTRO, Powell & Majestro, PLLC, Charleston, West Virginia.

APPEARING FOR APPELLEES:    JAMES F. SULLIVAN, Howard, Kohn, Sprague & FitzGerald LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

1

CERTIFIED COPY ISSUED ON 09/07/2016

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the October 22, 2015 judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.

Plaintiff Liz Ferrari appeals from the October 22, 2015 partial grant and partial denial of her motion for attorney's fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"), see 15 U.S.C. § 1692k(a)(3), as well as the district court's November 4, 2015 denial of reconsideration.[1]  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate and remand in part.

We review an award of attorney's fees under the FDCPA for abuse of discretion, see Cabala v. Crowley, 736 F.3d 226, 229 (2d Cir. 2013), which we will identify only when a court's decision rests on an error of law or clearly erroneous factual finding, or cannot otherwise "be located within the range of permissible decisions," Carco Grp., Inc. v. Maconachy, 718 F.3d 72, 79 (2d Cir. 2013) (internal quotation marks omitted).

In the fee-shifting context, the familiar "lodestar" calculation is used to arrive at a presumptively reasonable attorney's fee.  Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  The lodestar method is intended to "produce[] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."

---

[1]  Ferrari also challenges the district court's October 14, 2014 dismissal of her initial complaint without prejudice "to the extent it served as a basis for [its] fee orders." Appellant's Br. 3.   For the reasons stated herein, that decision was not erroneous and Ferrari's challenge to it fails.

Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010) (emphasis omitted). In order to provide an "objective and reviewable basis for fees," a court must "employ a methodology that permit[s] meaningful appellate review." Id. at 558.

Ferrari contends that the district court abused its discretion by (1) reducing the number of hours credited to counsel based on the perceived unintelligibility of the original complaint and counsel's "premature and unnecessary" summary judgment motion practice, Ferrari v. U.S. Equities Corp., No. 3:13-CV-00395 (JAM), 2015 WL 6383467, at *2 (D. Conn. Oct. 22, 2015); (2) reducing counsel's claimed hourly rate for lack of "competence" in pursuing the case, id. at *3; and (3) "double counting" the same facts to justify its reductions, see Appellant's Br. 40–43. We conclude that the majority of Ferrari's claims are meritless, but that the district court's calculation of compensable hours was flawed in one respect.

1. Reduction in Hours

   a. The Original Complaint

The district court's critical assessment of the original complaint is supported by detailed findings. See Ferrari v. U.S. Equities Corp., No. 3:13-CV-00395 (JAM), 2014 WL 5144736, at *3 (D. Conn. Oct. 14, 2014). Accordingly, we identify no error of law or fact in that assessment, nor can we say that its reduction of hours for both preparing the deficient complaint and litigating the motion necessitated by the complaint's deficiencies falls outside "the range of permissible decisions" so as to manifest abuse of discretion. Carco Grp., Inc. v. Maconachy, 718 F.3d at 79 (internal quotation marks omitted).

3

b. Summary Judgment Motion Practice

The same conclusion obtains as to the challenged reduction of hours spent on premature summary judgment motion practice. Counsel prepared and submitted a summary judgment motion before defendants' motion on the pleadings was decided. Further, only days after the district court dismissed the initial complaint with leave to amend and denied the summary judgment motion as moot, counsel renewed the summary judgment motion, prompting another denial pending defendants' filing of an answer or a Rule 12(b) motion and the resolution of such motion. On this record, we find that the district court acted well within its discretion in concluding that "a reasonable, real-world client would not have consented to her counsel investing and expending monies on summary judgment filings that could become unnecessary or obsolete" or that were filed contrary to "the Court's instruction." Ferrari v. U.S. Equities Corp., 2015 WL 6383467, at *2; see Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992) ("A district court is in the best position to determine the amount of work that was necessary to achieve the results in a particular case and, therefore, is entitled to ample discretion in its decision."); Cabala v. Crowley, 736 F.3d at 229 (applying this principle to FDCPA fee awards).

2. Reduction in Hourly Rate

Ferrari challenges the district court's hourly rate reduction from the requested $400 to $250, contending that she submitted the only record evidence as to a reasonable hourly rate and pointing out that defendants themselves argued that $350 was a more "reasonable fee." J.A. 452–53.

4

This argument fails because "the quality of a prevailing party's counsel's representation normally [is] reflected in the reasonable hourly rate," Perdue v. Kenny A. ex rel. Winn, 559 U.S. at 553 (internal quotation marks omitted); accord Millea v. Metro-N. R.R. Co., 658 F.3d at 168, and the district court demonstrated why counsel's performance in this case was not of the quality to command the hourly rate requested. See Ferrari v. U.S. Equities Corp., 2015 WL 6383467, at *3 (detailing deficiencies and concluding "a real-world client would [not] willingly pay more than $250 per hour for the quality of services performed by plaintiff's counsel").[2] A district court is permitted to take into account its own familiarity with the relevant legal market in determining the rate a reasonable client in that market would willingly pay. See Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005). We generally defer to its assessments on such matters, see, e.g., Carter v. Incorporated Village of Ocean Beach, 759 F.3d 159, 167 (2d Cir. 2014), particularly when it is informed by first-hand experience with the deficient quality of representation. See Fox v. Vice, 563 U.S. 826, 838 (2011) (recognizing that court may take its "overall sense of a suit" into account in calculating fees, and that reviewing courts will defer to assessment because "[w]e can hardly think of a sphere of

---

[2] Ferrari cites Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031 (3d Cir. 1996), to urge otherwise. The Third Circuit there held that, when "the plaintiff has met his prima facie burden under the . . . lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward." Id. at 1036 (internal quotation marks omitted). Ferrari's reliance thereon is misplaced; the district court effectively found that Ferrari did not carry her burden because her counsel's performance was not of a quality to command $400/hour in the relevant market. See, e.g., Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005).

5

judicial decisionmaking in which appellate micromanagement has less to recommend it"). Accordingly, we identify no abuse of discretion in the hourly rate reduction.

3. <u>Purported Duplicative Reductions</u>

    a. <u>Reducing Hours and Hourly Rate Based on Same Facts</u>

Ferrari argues that the district court erred in relying on the same facts to reduce both the hours compensated and the rate of compensation. While the district court premised its adverse quality determination (and, therefore, its rate reduction) upon specific tasks for which it deducted hours, the hourly rate is a discretionary decision properly informed by the quality of representation overall, including that afforded on identified tasks for which hours were deducted.[3] Rather, it concluded that certain hours should not be compensated because the work should not have been performed at all, and that the hours that were compensable should be at a reduced rate because counsel's overall representation in this case was not of a quality that could command more than $250/hour on the market. These conclusions were not outside the range of permissible decisions and, therefore, not an abuse of discretion. See <u>Carco Grp., Inc. v. Maconachy</u>, 718 F.3d at 79.

---

[3] <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106 (9th Cir. 2008), does not warrant a different conclusion because the court here did not reduce the hourly rate for certain tasks in addition to imposing a <u>global</u> reduction in hourly rate for the same reasons, <u>see id.</u> at 1115. Nor did it double count by reducing the number of compensable hours as well as the final calculated lodestar amount for identical reasons. See <u>Cunningham v. County of Los Angeles</u>, 879 F.2d 481, 488–89 (9th Cir. 1988).

6

### b. Premising Fee Reductions on Proportionality

Ferrari faults the district court for twice comparing counsel's fees in this action—as requested and as received—to the amount recovered by Ferrari. While it is error to reduce a fee merely because it would be "disproportionate to the financial interest at stake in the litigation . . . without regard to the reasonableness of the attorney's expenditure of time in responding to the particular circumstances," Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir 2005), the court did not do so here. To the contrary, as Ferrari acknowledges, the court's two statements in this regard have no significance beyond "mere observations" affording context to the fee calculations. Appellant's Br. 43. The court's detailed explanation for its reductions is underpinned by the justifications previously discussed, including the court's assessment of the quality of counsel's performance. Thus, we identify no error in its brief references to proportionality.

### c. Double Deduction of Certain Work Hours

Our single concern with the challenged fee award pertains to the district court's decision to subtract two times the hours claimed by counsel for work on the initial complaint and ensuing motion practice "because defendants' counsel were put in the position of expending funds to seek dismissal of the inadequate complaint." Ferrari v. U.S. Equities Corp., 2015 WL 6383467, at *2; see id. (stating that "these additional costs to defendants should properly factor in what is a reasonable fee for plaintiff's counsel to recover").

7

This reasoning is not consistent with the lodestar calculation, which, as already noted, is intended to "produce[] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A. ex rel. Winn, 559 U.S. at 551 (emphasis omitted). The effect of an attorney's conduct on the amount of time opposing counsel spends on a given task does not inform that determination. Put another way, it is not likely that a reasonable client would demand to pay less because his opponent had to pay more.

If the district court thought that the conduct of the plaintiff's attorney was so improper as to warrant a sanction, that could be imposed under Fed. R. Civ. P. 11 or pursuant to the court's inherent power. See, e.g., Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177 (2d Cir. 2012) (noting that Rule 11 sanctions for pleadings are subject to "objective unreasonableness" standard); Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 469 (2d Cir. 2013) (noting that options for inherent power sanctions "include monetary sanctions on counsel and the assessment of costs and counsel fees generated by the delinquency"). We express no opinion on whether these alternatives need to be considered on remand. We conclude only that the award must be vacated to the extent the lodestar was calculated by double deducting hours for Ferrari's counsel causing defendants to incur unnecessary legal expenses.

4.  Conclusion

We have reviewed Ferrari's remaining arguments and conclude that they are without merit. Accordingly, for the reasons stated above, the judgment of the district

court is AFFIRMED in part and VACATED and REMANDED in part for recalculation of attorney's fees in accordance with this order.

                                   FOR THE COURT:
                                   CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit